IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MARIO DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, MARIO DAVIS, by and through his attorneys, HUPY and ABRAHAM, and complaining of Defendant, UNITED STATES OF AMERICA, states as follows:

### I. INTRODUCTION

1. This is a personal injury action seeking monetary damages on behalf of the Plaintiff for injuries sustained in a motor vehicle accident on October 31, 2015. That accident involved a UNITED STATES POSTAL SERVICE vehicle operated by an employee who drove off. This is a suit against the UNITED STATES OF AMERICA under the Federal Tort Claims Act seeking monetary damages and is not subject to any exceptions contained in 28 U.S.C. § 2680.[1]

### II. PARTIES

**A. Plaintiff**

2. Mario Davis is a citizen of the State of Illinois and resides in Winnebago County.

---

[1] One of the principal purposes of the Federal Tort Claims Act was to waive the Government's immunity from liability for injuries resulting from auto accidents in which employees of the Postal System were at fault." *Kosak v. United States,* 465 U.S. 848, 855 (1984).

**B. Defendant**

3. UNITED STATES POSTAL SERVICE, under the Postal Reorganization Act, 39 U.S.C. § 101, *et seq.,* is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. §201. Under the Postal Reorganization Act, the Federal Tort Claims Act ("FTCA") applies to "tort claims arising out of [United States Postal Service] activities." 39 U.S.C. § 409(c).

### III.  JURISDICTION

4. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the UNITED STATES POSTAL SERVICE for personal injury caused by the negligent act of a government employee while acting within the scope of his employment. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

### IV.  VENUE

5. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1402(b) because the act or omission in the Complaint occurred in this district.

### V.  CONDITION PRECEDENT

6. On August 8, 2016, the Plaintiff served an administrative claim with the UNITED STATES POSTAL SERVIDCE related to the accident. In a letter dated March 9, 2017, the UNITED STATES POSTAL SERVICE denied this claim.

### VI.  VICARIOUS LIABILITY

7. Whenever in this petition it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment

of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

### VII. FACTS

8. On and before October 31, 2015, and at all times material, the UNITED STATES POSTAL SERVICE employed various individuals that acted as its actual and/or apparent agents and/or employees relative its and operation of its vehicles.

9. On and before October 31, 2015, and at all times material, the UNITED STATES POSTAL SERVICE employed various individuals that were deemed to be employees of the UNITED STATES POSTAL SERVICE pursuant to 42 U.S.C. § 233, for purposes of the Federal Tort Claims Act.

10. On October 31, 2015, at or near 4:00 p.m., the Plaintiff was traveling north on Colorado Avenue at or near its intersection with Seward Avenue, in Rockford, Illinois.

11. At the aforementioned time and place, the Defendant was traveling west on Seward Avenue at or near its intersection with Colorado Avenue, Rockford, Illinois.

12. Defendant entered the intersection without stopping.

13. As Plaintiff swerved to avoid being hit, the Defendant collided with Plaintiff's vehicle.

14. That at all times relevant herein, Plaintiff was in the exercise of due care and caution for his safety and well-being.

### COUNT I
### (FTCA – UNITED STATES POSTAL SERVICE)

15. Plaintiff restates and incorporates by reference as if fully set forth herein Paragraphs 1 through 14.

16. Under the Federal Tort Claims Act, the UNITED STATES POSTAL SERVICE is liable for the above-described actions of the federal employees, as they were acting within the scope of their employment.

17. At all times material hereto, it was the duty of the Defendant to exercise ordinary care and caution for the safety of others on or about said roadway, particularly towards the Plaintiff, MARIO DAVIS.

18. At the time and place aforesaid the Defendant then and there carelessly, negligently, wrongfully and unlawfully operated and maintained said motor vehicle so as a direct and proximate result thereof said motor vehicle did collide with the vehicle operated by the Plaintiff.

19. At the time and place aforesaid the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

    a) Failed to maintain a proper lookout;

    b) Failed to timely apply brakes;

    c) Drove his vehicle at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances.

    d) Operated the motor vehicle at an excessive rate of speed given the prevailing traffic;

    e) Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle when danger of hitting the other vehicle was obvious;

    f) Unnecessarily traveled at a speed that was greater than reasonable and proper with regard to the traffic conditions and the use of the highway, thereby

endangering the safety of persons and property, in violation of 625 ILCS 5/11-601, which is negligence *per se;*

g) Failed to decrease her speed so as to avoid colliding with any person or vehicle on the highway in compliance with legal requirements and the duty of all persons to use due care, in violation of 625 ILCS 5/11-601, which is negligence *per se;*

h) Operated his vehicle with a willful or wanton disregard for the safety of persons or property, in violation of 625 ILCS 5/11/503, which is negligence *per se.*

20. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, Plaintiff, MARIO DAVIS, suffered significant and permanent injuries.

21. Plaintiff has also lost work wages as a result of the injuries received.

22. Plaintiff also incurred property damage in the amount of $1,881.61 as a result of the accident.

WHEREFORE, Plaintiff, MARIO DAVIS, prays this Court for damages according to proof and for such other and further relief as this Court deems just.

        MARIO DAVIS, Plaintiff

        HUPY AND ABRAHAM

        BY: /s/James K. Theisen

James K. Theisen (#6279462)
Hupy and Abraham
6952 Rote Road, Suite 200
Rockford, IL 61107
815/877-3900
Email: jtheisen@hupy.com

5